

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

January 22, 2021

**By ECF and Email**
The Honorable Andrew L. Carter, Jr.
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   Z.Q. v. New York City Department of Education, Case No. 20-cv-9866

Dear Judge Carter:

This Office represents defendants the New York State Education Department ("SED"), the Interim Commissioner of SED and the New York State Board of Regents ("Board of Regents") (collectively, "State Defendants") in the above-referenced action. Pursuant to Your Honor's Individual Practices, I write to request a conference regarding State Defendants' anticipated motion to dismiss.

In short, Plaintiffs allege that New York City ("NYC") public school students with disabilities have not received a free appropriate public education ("FAPE") during the ongoing COVID-19 pandemic due to problems with remote learning. They further allege that the NYC Department of Education's ("DOE") administrative hearing process does not sufficiently provide compensatory services to those students who have not received a FAPE. On the basis of these allegations, Plaintiffs purport to assert claims against both the State and NYC Defendants under the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act ("Rehabilitation Act"), the Equal Educational Opportunities Act ("EEOA"), Section 1983 of the Civil Rights Act of 1871 ("Section 1983), and the New York Education Law. Plaintiffs seek an order directing the State and NYC Defendants to develop, implement and fund "an expedited process and plan" for providing compensatory services to students with disabilities who have not received a FAPE during the COVID-19 pandemic, as well as the appointment of a special master to monitor such efforts. For the reasons summarized below, Plaintiffs' claims should be dismissed in their entirety as against State Defendants.

I.    Plaintiffs Lack Standing

To satisfy the "irreducible constitutional minimum of standing," Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), Plaintiffs must demonstrate: "(1) injury-in-fact, which is a concrete and particularized harm to a legally protected interest; (2) causation in the form of a fairly traceable connection between the asserted injury-in-fact and the alleged actions of the defendant; and (3) redressability, or a non-speculative likelihood that the injury can be remedied by the requested relief." W.R. Huff Asset Mgmt. v. Deloitte & Touche, 549 F.3d 100, 106-07 (2d Cir. 2008) (citations omitted). Plaintiffs bear the burden of establishing all of these essential Article III requirements for each claim asserted and for each type of relief sought. Carver v. City of New York, 621 F.3d 221, 225 (2d Cir. 2010). Plaintiffs have failed to do so.

Hon. Andrew L. Carter, Jr.  Page 2
January 22, 2021

Specifically, Plaintiffs do not identify any injury caused by State Defendants that would be redressed by the relief they seek. To the contrary, Plaintiffs concede that SED has repeatedly issued guidance meant to ensure that students with disabilities continue to receive a FAPE despite the challenges created by the pandemic, including: (i) requiring school districts to provide a FAPE during the pandemic; (ii) recognizing that school districts will have to provide compensatory services to the extent students do not receive a FAPE during the pandemic; and (iii) describing how school districts should determine the nature and extent of any compensatory services to be provided. See Complaint (ECF No. 1) ¶¶ 44, 49-54. Plaintiffs also concede that the local school districts, not State Defendants, are tasked with developing plans for "alternative instructional options" during school closures necessitated by the pandemic. Id. ¶¶ 41, 46. Consistent with this reality, Plaintiffs' complaint focuses on the alleged failures of the NYC DOE to provide a FAPE and compensatory services to students with disabilities during the pandemic. Id. ¶¶ 58-148; see e.g. id. ¶ 146 (describing "the NYC DOE's failures related to remote learning for students with disabilities during the pandemic"). In such cases, where the chain of causation involves other parties whose independent actions significantly impact a plaintiff's purported injuries, it is "substantially more difficult to meet the minimum requirements of Art. III: to establish that, in fact, the asserted injury was the consequence of the defendants' actions, or that prospective relief will remove the harm." Warth v. Seldin, 422 U.S. 490, 505 (1975).

   II.  Plaintiffs' Improper Group Pleading Violates Rule 8

To satisfy Federal Rule of Civil Procedure 8(a), which requires that each defendant be given "fair notice" of the claims against it, "where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants." Bardwil Indus. v. Kennedy, No. 19-CV-8211, 2020 WL 2748248, at *3 (S.D.N.Y. May 27, 2020) (citations omitted). As a result, "[p]leadings fail to meet that minimum requirement [of Rule 8(a)] where allegations 'lump all the defendants together in each claim and provide no factual basis to distinguish their conduct.'" SCE Group v. City of N.Y., No. 18-CV-8909, 2020 WL 1033592, at *3 (S.D.N.Y. Mar. 3, 2020) (quoting Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001)).

Plaintiffs do not satisfy these standards. As noted above, the Complaint is focused on the NYC DOE's alleged failure to provide a FAPE and compensatory services to students with disabilities during the pandemic. The only allegations concerning any conduct by State Defendants are those describing SED's relevant guidance, of which Plaintiffs appear to approve. See Complaint ¶¶ 44, 49-54. The Complaint is devoid of a single allegation of any conduct by SED's Interim Commissioner or the Board of Regents. To get around this pleading deficiency, Plaintiffs lump State Defendants in with the NYC Defendants and accuse "Defendants" as a whole of violating various rights and statutes. Id. ¶¶ 1, 3-7, 10, 35, 55-57, 164-212. This is precisely the type of group pleading that Rule 8(a) prohibits.

   III.  The Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims

It is well-established that "[a] plaintiff's failure to exhaust administrative remedies under the IDEA deprives a court of subject matter jurisdiction." J.T. v. de Blasio, No. 20-CV-5878, 2020 WL 6748484, at *42 (S.D.N.Y. Nov. 13, 2020) (citations omitted). Moreover, "[t]he exhaustion requirement applies with equal force to claims under the ADA, the Rehabilitation Act, or other, similar laws when the plaintiff seeks relief for the denial of a FAPE…This requirement also applies to claims arising under the New York State Constitution and state regulations that expressly allege the plaintiff was denied a FAPE." Id. (citations omitted). Thus, the exhaustion requirement is applicable to all of the provisions under which Plaintiffs have filed suit. See, e.g., Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 246-49 (2d Cir. 2008) (holding that the IDEA's exhaustion requirement applies to claims brought under the Rehabilitation Act and Section 1983).

Hon. Andrew L. Carter, Jr.     Page 3
January 22, 2021

Plaintiffs concede that there is a process in place for obtaining compensatory services but do not even attempt to demonstrate that they have exhausted it. See Complaint ¶ 97. Instead, Plaintiffs purport to circumvent the exhaustion requirement altogether by claiming that the process is futile. Id. ¶¶ 145-148. Specifically, they maintain that the delays associated with the NYC DOE's due process hearing system render it unable to adequately address claims for compensatory services during the pandemic. Id. ¶¶ 100, 146. However, the SDNY recently rejected a similar argument, noting that "[f]utility is not measured by the fact that it takes time to hold hearings." J.T., 2020 WL 6748484, at *43-44 (rejecting plaintiffs' claim that exhaustion would be futile because of delays in the NYC DOE's due process system). In reaching this result, the court averred that it was "prepared to make allowances for the fact that the pandemic will inevitably result in delays in the holding of impartial hearings. I am not prepared to divorce this lawsuit from the circumstances that precipitated it." Id. at *44.

    IV.    <u>Plaintiffs Fail to State a Claim against State Defendants</u>

Plaintiffs fail to state a claim against State Defendants under any of the statutes they cite. For example, State Defendants are not proper parties to Plaintiffs' IDEA claim because "[a]bsent specific allegations of violations of federal and state law by [State Defendants] that may have led to procedural deficiencies at the district, IHO or SRO levels—allegations which are not present here—such an action cannot be brought against" them. Avaras v. Clarkstown Cent. Sch. Dist., No. 15-CV-9679, 2018 WL 4964230, at *16 (S.D.N.Y. Oct. 15, 2018). These requirements cannot be avoided by reference to State Defendants' supervisory authority because "the IDEA's private right of action does not authorize claims against State agencies that are rooted in the State's general supervisory role under the IDEA." Y.D. v. N.Y.C. Dep't of Educ., No. 14-CV-1137, 2016 WL 698139, at *5 (S.D.N.Y. Feb. 19, 2016). "It would be odd indeed if the state agency given discretion to monitor compliance with a statute were forced to shoulder the burden of establishing the adequacy of its efforts when confronted with merely a complaint in federal court." A.A. v. Philips, 386 F.3d 455, 459 (2d Cir. 2004).[1]

Plaintiffs' claim under Section 504 of the Rehabilitation Act fails for the same reasons as their IDEA claim. Mr. & Mrs. B, 1998 WL 23025, at *5. That is because "[c]ourts in this district will…dismiss Section 504 claims that are, in actuality, merely restatements of a plaintiff's IDEA claims, where plaintiff fails to offer any facts that he was denied a federal benefit <u>because</u> of his disability." Y.D., 2016 WL 698139, at *6 (citations omitted, emphasis in original). Here, "[d]espite plaintiffs' conclusory allegations" of discrimination, "the complaint has not set forth any factual allegations that suffice to state a claim of unlawful discrimination against SED [or the other State Defendants]. As such, plaintiffs cannot establish an essential element of their claim under the Rehabilitation Act." Mr. & Mrs. B., 1998 WL 273025, at *5. Plaintiffs' EEOA claim fails for the same reason, namely that they have not satisfied the requirement "that the denial of the educational opportunity—in § 1703(f)'s case, the language barrier that is not being overcome—must stem from race, color, sex, or national origin." Issa v. Sch. Dist. of Lancaster, 847 F.3d 121, 140 (3d Cir. 2017).

Plaintiffs' Section 1983 claim is also invalid. As an initial matter, Plaintiffs cannot circumvent the requirements of the IDEA by suing under Section 1983 instead. Ascent v. N.Y. State Educ. Dept., No. 17-CV-6866, 2019 WL 1466901, at *3 (E.D.N.Y. Mar. 31, 2019). Moreover, "[i]t is well-established that New York has not consented to § 1983 suits in federal court…and that § 1983 was

---

[1] The one limited exception to this rule arises when a plaintiff alleges systemic violations of the IDEA. Y.D., 2016 WL 698139, at *6. Although Plaintiffs appear to be attempting to invoke this exception by alleging systemic problems with the NYC DOE's due process system, see Complaint ¶¶ 145-148, their allegations against State Defendants are entirely conclusory and therefore insufficient to state a claim. Mr. & Mrs. B. v. Bd. of Educ. of Syosset Sch. Dist., No. 96-CV-5752, 1998 WL 273025, at *4 (E.D.N.Y. Jan. 15, 1998) (holding that "broad and conclusory allegations that SED has failed to meet its statutory responsibilities do not state a claim under the IDEA").

Hon. Andrew L. Carter, Jr.                                                                                          Page 4
January 22, 2021

not intended to override a state's sovereign immunity." Mamot v. Bd. of Regents, 367 F. App'x 191, 192 (2d Cir. 2010) (citations omitted). Similarly, it has long been held that states, state agencies and state employees in their official capacities, are not "persons" within the meaning of Section 1983 and cannot be sued thereunder. Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 70-71 (1989).[2]

Finally, Plaintiffs' claim under the New York State Education Law fails as against State Defendants because the Eleventh Amendment "does not allow a federal court to issue an injunction [against a state official] for a violation of state law." Kelly v. N.Y. Civil Serv. Comm'n, 632 F. App'x 17, 18 (2d Cir. 2016). Indeed, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984).

For the foregoing reasons, State Defendants respectfully request a conference regarding their anticipated motion to dismiss. We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ EVA L. DIETZ
Eva L. Dietz
Assistant Attorney General
(212) 416-6211

---

[2] Although there is a limited exception for lawsuits seeking prospective injunctive relief against state employees in their official capacities, id. at 71 n.10, that exception is inapplicable because, for the reasons described herein, Plaintiffs fail to assert any proper claims for prospective injunctive relief against State Defendants.