# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

June 21, 2021

*By Email and ECF*

Joshua Kipnees
Partner
(212) 336-2970
jkipnees@pbwt.com

The Honorable Andrew L. Carter Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

        Re:    *Z.Q. et al. v. New York City Department of Education et al.*,
                No. 20-cv-09866

Dear Judge Carter:

      On behalf of Plaintiffs and the proposed Classes and Subclasses in the above-referenced action, we write to provide a consolidated response to the pre-motion letters filed by the State Defendants and City Defendants[1] (collectively, "Defendants"). *See* ECF No. 67, 69. We respectfully request that the Court deny leave to file Defendants' anticipated motions to stay discovery, and separately request that the Court set an initial pretrial conference under Rule 16.

      On June 14, 2021, after providing copies of discovery requests,[2] Plaintiffs asked Defendants to join in a request to the Court for a Rule 16 conference. Instead, Defendants each filed a pre-motion letter seeking a stay of discovery until their motions to dismiss are resolved. *See* ECF No. 67, 69. But there is no reason to deviate from the rule in this Circuit that discovery should proceed while motions to dismiss are pending.

      Under Federal Rule of Civil Procedure 26(c), a party seeking a stay of discovery must demonstrate good cause. *See Brooks v. Macy's, Inc.,* No. 10 Civ. 5304, 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010), *reh'g denied,* 2011 WL 1362191 (S.D.N.Y. Apr. 8, 2011). In

---

[1] The "State Defendants" are the New York State Education Department ("NY SED"); Betty Rosa, the Interim Commissioner of NY SED; and the New York State Board of Regents. The "City Defendants" are the New York City Department of Education ("NYC DOE"); the New York City Board of Education; and Meisha Porter, Chancellor of the NYC DOE.

[2] A copy of the discovery requests that Plaintiffs sent to the City Defendants for review are attached hereto as Exhibit A (Plaintiffs' First Set of Requests for Production to City Defendants) and Exhibit B (Plaintiffs' First Set of Interrogatories to the City Defendants).

Hon. Andrew L. Carter, Jr.
Page 2

considering whether to grant such a stay, courts look to "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion" to dismiss. *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, No. 18 Civ. 10364, 2020 WL 4927575, at *4 (S.D.N.Y. Aug. 21, 2020).

Defendants cannot demonstrate good cause to support a stay of discovery here. Defendants' basis for the stay relies almost entirely on the fact that there are pending motions to dismiss. *See* ECF No. 67 at 2. As courts in this Circuit have repeatedly held, the mere filing of a motion to dismiss does not constitute good cause. *Kirschner v. JP Morgan Chase N.A.*, No. 17 Civ. 6334, 2020 WL 230183, at *2 (S.D.N.Y. Jan. 15, 2020) ("Courts do not routinely stay discovery 'simply on the basis that a motion to dismiss has been filed.'"); *Mirra v. Jordan*, No. 15 Civ. 4100, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay.").

Nor do Defendants' motions to dismiss raise any arguments so compelling that would warrant a stay of discovery. *See Spencer Trask Software & Info. Servs., LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (a motion for a stay must be supported by "substantial arguments for dismissal"). The State Defendants assert that their motion is "a dispositive motion that implicates the court's subject matter jurisdiction," making this case apt for a stay. *See* ECF No. 67 at 2. The City Defendants contend that Plaintiffs are limited to only jurisdictional discovery. *See* ECF No. 69 at 1–2. But the primary case that Defendants rely on granted a discovery stay when "there [was] no logical argument—let alone case law" in support of plaintiff's subject matter jurisdiction arguments. *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 74 (S.D.N.Y. 2013). By contrast, Defendants' exhaustion arguments have been rejected numerous times by courts in this Circuit where the denial of services to students with disabilities is systemic and cannot fully be remediated through the administrative process—as the State's recent Guidance admits. *See J.L. on behalf of J.P. v. N.Y.C. Dep't of Educ.*, 324 F. Supp. 3d 455 (S.D.N.Y. 2018); *Jose P. v. Ambach*, 669 F.2d 865 (2d Cir. 1982); ECF No. 66.

Defendants' letters also conspicuously fail to address the specific prejudice suffered by Plaintiffs in this case should a stay be granted: the continued delay in ensuring City students with disabilities receive compensatory services for the period of educational deprivations during remote learning. *See Rivera v. Inc. Vill. of Farmingdale*, No. 06 Civ. 2613, 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007) (quoting *Osan Ltd. v. Accenture LLP*, No. 2005 Civ. 5048, 2006 WL 1662612, at *1 (E.D.N.Y. June 13, 2006) ("In deciding whether to grant a discovery stay, a court 'must look to the particular circumstances and posture of each case.'")); *see* ECF No. 45 at 5, 8–10, 13, 31 (describing the harms Plaintiffs have suffered). In the seven months since the Complaint was filed, Plaintiffs hoped and expected that Defendants would release and begin to implement a program to comply with their legal obligations. Defendants do not deny that they have failed to do so. Plaintiffs are continuing to suffer prejudice. In the meantime, the State

Hon. Andrew L. Carter, Jr.
Page 3

Defendants released recent Guidance, *see* ECF No. 66, 68, which only makes plainer the urgency to act now.  The State Defendants continue to acknowledge their integral role but fail to meaningfully remedy Plaintiffs' injuries.

      Defendants next contend that staying discovery would not unfairly prejudice Plaintiffs because "any stay would last briefly."  *See* ECF No. 67 at 2; *see also* ECF No. 69 at 2.  But this is not a meritorious basis for a stay.  *See Allianz*, 2020 WL 4927575, at *1 (S.D.N.Y. Aug. 21, 2020) (affirming denial of stay pending resolution of motion to dismiss and rejecting defendant's argument that "a few more months' delay in discovery will not unfairly prejudice Plaintiffs").

      Finally, Plaintiffs' discovery requests are not especially complex or burdensome.  *See Guiffre v. Maxwell*, No. 15 Civ. 7433, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) ("Normal discovery in a limited matter does not alone rise to the level of good cause.").  Plaintiffs seek discovery of a 15-month period involving one narrow, focused subject:  the provision (or lack thereof) of special education and related services to New York City students during remote learning.  *See* ECF No. 67 Exs. A, B; Exs. A, B; *compare Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 Civ. 5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery where breadth covered a six-year period and multiple distributors).  To the extent Defendants object to the breadth of these requests, those objections can be addressed through typical meet and confer negotiations.  *See Guiffre*, 2016 WL 254932, at *2.

      In any event, Defendants vastly overstate the imposition on them if the Court merely schedules a Rule 16 conference as Plaintiffs request.  *See* ECF No. 67 at 3.  This conference is required under the Federal and Local Rules, and is necessary to establish an orderly schedule and framework for discovery.

      For the reasons explained herein, Defendants have not shown good cause to stay discovery in this action.  The urgency of Plaintiffs' requested relief increases every day, as Defendants still have yet to implement a plan to remedy their failures under state and federal law.  *See* ECF No. 45 at 1.  Plaintiffs respectfully request a Rule 16 conference at a time convenient for the Court.

                              Respectfully submitted,

                                /s/ *Joshua Kipnees*
                              Joshua Kipnees

cc:      Counsel of Record