# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Z.Q., by his parent, G.J., et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,<br><br>　　　　　　　Defendants. | Case No.: 1:20-CV-09866 |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO CITY DEFENDANTS**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the definitions and instructions set forth herein, Plaintiffs hereby request answers under oath from Defendants New York City Department of Education, New York City Board of Education, Meisha Porter, in her official capacity as Chancellor of the New York City School District (collectively, "City Defendants") to the following interrogatories, within thirty (30) days of service.

**DEFINITIONS AND INSTRUCTIONS**

1.　These interrogatories incorporate the definitions and rules of construction set forth in Local Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

2.　"NYC DOE" means New York City Department of Education, along with New York City Board of Education, and any and all divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of the New York City Department of Education and the New York City Board of Education.

3. "NY SED" means New York State Department of Education, along with New York State Board of Regents, and any and all divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of the New York State Department of Education and the New York State Board of Regents.

4. "U.S. DOE" means the United States Department of Education, and any and all divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act on behalf or under the control of the United States Department of Education.

5. "Special education" has the meaning accorded to it by the Individuals with Disabilities Act ("IDEA") § 300.39; 20 U.S.C. § 1401(29).

6. "English Language Learner" has the meaning accorded to it by the New York State Commissioner of Education's Regulations Part 154-1.2(a).

7. "Multilanguage Learner" has the meaning accorded to it by the New York City Department of Education *Policy and Reference Guide for Multilingual Learners/English Language Learners, 2020-2021 School Year* (available at https://infohub.nyced.org/docs/default-source/default-document-library/ell-policy-and-reference-guide.pdf).

8. "FAPE" or "Free Appropriate Public Education" has the meaning accorded to those terms by the IDEA § 300.1; 20 U.S.C. § 1401(9).

9. "IEP" or "Individualized Education Program" has the meaning accorded to it by the IDEA, 20 U.S.C. § 1401(14).

10. "Special Education Remote Learning Plans" means the learning plans for students with IEPs that the NYC DOE required teachers to develop in April 2020 after the closure of schools due to the COVID pandemic.

11. "PAD" means Program Adaptation Documents as the NYC DOE uses that term at https://www.schools.nyc.gov/learning/special-education/family-resources/special-education-in-blended-and-remote-settings (accessed on June 9, 2021).

12. "RAD" means the Related Service Adaptations Documents as the NYC DOE uses that term at https://www.schools.nyc.gov/learning/special-education/family-resources/special-education-in-blended-and-remote-settings (accessed on June 9, 2021).

13. "Remote devices" means computers, laptops, or tablets with internet capabilities that can be used for remote learning.

14. "Impartial due process hearing," "impartial hearing," or "due process hearing" means a hearing carried out in accordance with the procedures set forth under the IDEA, 20 U.S.C. § 1415(f).

15. "Executive Order 202.4" means Executive Order 202.4 signed by Governor Cuomo on March 16, 2020.

16. "Executive Order 202.28" means Executive Order 202.28 signed by Governor Cuomo on May 7, 2020.

17. "Executive Order 202.37" means Executive Order 202.37 signed by Governor Cuomo on June 5, 2020.

18. "SESIS" means the NYC DOE's Special Education Student Information System.

19. "You" and "Your" means of or belonging to NYC DOE, NYC Board of Education, or the Chancellor of NYC DOE.

20. The word "document" shall have the meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, all "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations" that are "stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." As the term is used in these requests, "document" shall include all metadata.

21. "And" and "or" are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun is to be construed to include the plural noun and use of a plural noun is to be construed to include the singular noun; the use of a verb in any tense is to be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the requested documents or things that which might otherwise be construed to be outside its scope.

22. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

23. The term "identify" or "identity":

   (i) When used with respect to a natural person, shall mean to state the person's full name, present or last known home and business address, present or last known home and business telephone numbers, employer or business affiliation, and job title, position, or occupation; and

   (ii) When used with respect to a corporation, shall mean to state (a) its name; and (b) its principal place of business.

24. The term "person" means (a) natural persons (also referred to as "individuals"); (b) legal entities, including but not limited to corporations, partnerships, firms, associations,

professional corporations and proprietorships; and (c) government bodies or agencies.

25. These definitions and instructions, and the interrogatories set forth below, apply equally to all forms of electronic communications and information, including e-mails, and to all other tangible things.

26. These interrogatories shall be deemed to include any and all relevant information and documents within Your possession, custody or control, including, without limitation, documents located in the files of any and all past and present directors, officers, agents, representatives, employees, attorneys, contract agencies, and accountants of or retained by You.

27. If You have a good-faith objection to any interrogatory or any part thereof, the specific nature of the objection and whether it applies to the entire interrogatory or to a part of the interrogatory shall be stated. If there is an objection to any part of an interrogatory, then the part objected to should be identified and a response to the remaining unobjectionable part should be provided.

28. If You have a good-faith objection to any interrogatory or any part thereof based upon the attorney-client privilege, work product doctrine, or any other privilege or immunity, You shall provide an explanation of the basis therefor, including the specific nature of the privilege or immunity claimed and the detailed grounds for claiming such privilege or immunity.

29. Each interrogatory shall be answered on the basis of Your entire knowledge, from all sources, after an appropriate and good-faith inquiry has been made.

30. If documents are being produced in lieu of answers pursuant to Fed. R. Civ. P. 33(d), identify, by document production number or similar means, the specific documents wherein the answer is located and, unless apparent on the face of the document, state where within the document the answer can be found.

31. The time period for the interrogatories is March 1, 2020 through the present (the "Relevant Period"), unless otherwise agreed by the parties.

32. The interrogatories should be deemed continuing and the responses to them must be supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**Interrogatory No. 1.** Identify all of Your employees, agents, or representatives who have or had responsibility for determining the contents of, managing, preparing, or modifying IEPs, Special Education Remote Learning Plans, RADs, PADs, or special education services during the Relevant Period.

**Interrogatory No. 2.** Identify all of Your employees, agents, or representatives who have had the responsibility for developing the policies and procedures with regard to the provision of special education services during the Relevant Period, including but not limited to the creation and development of the Special Education Remote Learning Plans, RADs, and PADs.

**Interrogatory No. 3.** Identify all of Your employees, agents, or representatives who have or had responsibility for drafting messaging and/or communicating with the public and/or parents or guardians of New York City students with disabilities regarding IEPs, Special Education Remote Learning Plans, RADs, PADs, special education services, remote devices, and/or funding during the Relevant Period.

**Interrogatory No. 4.** Identify all persons who have or had responsibility for managing, overseeing, or implementing programs or policies relating to English Language Learners and Multilanguage Learners' IEPs, Special Remote Learning Plans, RADs, or PADs during the Relevant Period.

**Interrogatory No. 5.** Identify all of Your employees, agents, or representatives who

have or had responsibility for managing or distributing remote devices You offered, made available, or distributed to New York City students with disabilities or their parents or guardians during the Relevant Period.

**Interrogatory No. 6.** Identify all of Your employees, agents, or representatives who have or had responsibility for designing, preparing messaging concerning, overseeing, or implementing Your policies to extend eligibility to remain in school and receive special education services to certain twenty-one-year-old and older students with disabilities attending NYC DOE schools who, due to the COVID-19 pandemic, were unable to meet graduation requirements.

**Interrogatory No. 7.** Identify all of Your employees, agents, consultants or representatives who have or had responsibility for managing and administering special education services, or ensuring that such services were received by, City students with disabilities during the Relevant Period.

**Interrogatory No. 8.** Identify all of Your employees, agents, or representatives who have or had responsibility for designing, overseeing, or implementing any changes or requirements in the provision of special education services pursuant to or as described in Executive Orders 202.28, 202.37, and 202.4.

**Interrogatory No. 9.** Identify all of Your employees, agents, or representatives who have or had responsibility for designing, overseeing, or implementing any changes or requirements pursuant to or as described in NY SED's guidance on providing services to students with disabilities during school closures due to the COVID pandemic, including NY SED guidance issued in memoranda from Christopher Suriano dated March 27, 2020, April 27, 2020, June 20, 2020, October 15, 2020, and June 2021.

**Interrogatory No. 10.** Identify all of Your employees, agents, or representatives who have or had responsibility for designing, overseeing, or implementing any NY SED school reopening applications, submissions, or NY SED reopening compliance that relates to providing services to students with disabilities.

**Interrogatory No. 11.** Identify all of Your employees, agents, or representatives who have or had responsibility for designing, overseeing, or implementing any changes or requirements in the provision of special education services pursuant to or as described in U.S. DOE guidance, including U.S. DOE guidance entitled "Questions and Answers on Providing Services to Children with Disabilities During the Coronavirus Disease 2019 Outbreak," dated March 12, 2020; and "Supplemental Fact Sheet Addressing the Risk of COVID-19 in Preschool, Elementary and Secondary Schools While Serving Children with Disabilities," dated March 21, 2020.

**Interrogatory No. 12.** Identify all of Your employees, agents, or representatives who have or had responsibility for designing, overseeing, or implementing any changes or requirements in the provision of special education services pursuant to or as required by U.S. DOE statements issued on April 27, 2020 from U.S. DOE Secretary Betsy DeVos.

**Interrogatory No. 13.** Identify all of Your employees, agents, or representatives who have or had responsibility for planning, designing, overseeing, preparing messaging regarding, or implementing a process or procedure, if any, to determine (a) which students with disabilities are entitled to compensatory services resulting from a failure to receive services during the Relevant Period and (b) the nature of the services they are owed.

**Interrogatory No. 14.** Identify all of Your employees, agents, or representatives who have or had responsibility during the Relevant Period for monitoring which New York City

students did and did not receive services required by their IEPs.

**Interrogatory No. 15.**  Identify the role, office, and business address of each individual identified in response to Interrogatories No. 1–14 above.

**Interrogatory No. 16.**  Identify the City schools that, during the Relevant Period, have provided educational services via remote learning or participated in blended learning, and the dates during which each such school provided remote or blended learning, as applicable.

**Interrogatory No. 17.**  Identify the number of New York City children and young adults with disabilities attending public schools for whom the NYC DOE was or is obligated to provide a FAPE during the Relevant Period.

**Interrogatory No. 18.**  Identify the number of New York City children and young adults with disabilities attending public schools for whom the NYC DOE was or is obligated to provide a FAPE during remote learning during the Relevant Period, and who are or whose parents are English Language Learners or Multilingual Learners.

**Interrogatory No. 19.**  Identify the number of New York City children and young adults with disabilities attending public schools for whom the NYC DOE was obligated to provide a FAPE during remote learning who, because of their age, will lose eligibility under the IDEA at the end of the 2019–20, 2020–21, or 2021–22 school years.

Dated:  June 11, 2021

                                                  */s/ Joshua Kipnees*
                                                  Joshua Kipnees
                                                 George A. LoBiondo
                                                 Danielle C. Quinn
                                                 **PATTERSON BELKNAP WEBB & TYLER LLP**
                                                 1133 Avenue of the Americas
                                                 New York, NY 10036-6710
                                                 (212) 336-2000
                                                 jkipnees@pbwt.com

globiondo@pbwt.com
dquinn@pbwt.com

Rebecca C. Shore
**ADVOCATES FOR CHILDREN OF NEW YORK, INC.**
151 West 30th Street, 5th Floor
New York, NY 10001
(212) 947-9779
rshore@advocatesforchildren.org

*Attorneys for Plaintiffs*

10

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2021, I caused true and correct copies of Plaintiffs' First Set of Interrogatories to be served by electronic mail upon counsel for Defendants New York City Department of Education; New York City Board of Education; and Meisha Porter, in her official capacity as Chancellor of the New York City School District.

*/s/ Danielle C. Quinn*