**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __March 8, 2022__

Z.Q., by his parent, G.J.;
G.J., individually and on behalf of Z.Q.;
J.H., by his parent, Y.H.;
Y.H., individually and on behalf of J.H.;
J.A., by his parent, D.S.;
D.S., individually and on behalf of J.A.;
M.S., by his parent, R.H.;
R.H., individually and on behalf of M.S.;
D.V., by his guardian, V.L.;
V.L., individually and on behalf of D.V.;
J.W., by his parent, A.W.;
A.W., individually and on behalf of J.W.;
D.M., by his parent, E.L.;
E.L., individually and on behalf of D.M.;
C.B., by his parent, C.B.2;
C.B.2, individually and on behalf of C.B.,

on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.

NEW YORK CITY DEPARTMENT OF EDUCATION; NEW YORK CITY BOARD OF EDUCATION; DAVID C. BANKS, in his official capacity as Chancellor of the New York City School District; NEW YORK STATE EDUCATION DEPARTMENT; NEW YORK STATE BOARD OF REGENTS; and BETTY A. ROSA, in her official capacity as Interim Commissioner of Education and President of the University of the State of New York,

    Defendants.

Case No.: 1:20-cv-09866

**STIPULATION AND ORDER TOLLING THE STATUTE OF LIMITATIONS**
**FOR THE FILING OF DUE PROCESS HEARING COMPLAINTS**

**WHEREAS,** on November 23, 2020, Plaintiffs filed this action on their own behalves and on behalf of proposed classes and subclasses of New York City students with disabilities in connection with educational deprivations they allegedly sustained in the period of remote learning during the COVID-19 pandemic;

**WHEREAS**, Defendants New York City Department of Education, New York City Board of Education, and David C. Banks, in his official capacity as Chancellor of the New York City School District (the "DOE Defendants") deny any and all wrongdoing and/or liability in connection with the claims set forth in the Complaint;

**WHEREAS,** Plaintiffs' complaint asserts claims for violation of the Individuals with Disabilities Education Act (the "IDEA") (20 U.S.C. § 1400); violation of Section 504 of the Rehabilitation Act ("Section 504") (29 U.S.C. § 794); violation of New York Education Law §§ 4401, 4402, 4403; violation of the Equal Educational Opportunities Act (20 U.S.C. §§ 1703, 1706); and a cause of action pursuant to 42 U.S.C. § 1983;

**WHEREAS,** the statute of limitations in New York State for filing an administrative due process hearing complaint under the IDEA and the New York Education Law is 2 years from when a parent or agency knew or should have known about the alleged action that forms the basis of the complaint, *see* 20 U.S.C. § 1415(f)(3)(C); 20 U.S.C. § 1415(b)(6)(B); N.Y. Educ. Law § 4404(1)(a); *see also* 34 CFR 300.507(a)(2), 300.511(e);

**WHEREAS,** the statute of limitations in New York State for filing an administrative due process hearing complaint under Section 504 is three years from when a parent or agency knew or should have known about the alleged action that forms the basis of the complaint;

**WHEREAS,** in Executive Orders 202.8, 202.14, 202.28, 202.38, 202.48, 202.55.1, 202.60, 202.67, and 202.72, the Governor of New York State directed that the time limit for commencing a legal action as prescribed by the procedural laws of New York State was tolled as of March 20, 2020, and that this tolling expired on November 3, 2020;

**WHEREAS,** the parties expressly preserve and do not waive their rights to raise any arguments regarding tolling of the statute of limitations pursuant to *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), for all claims at issue in this litigation;

**WHEREAS,** the parties expressly preserve and do not waive their rights to raise any arguments regarding tolling of the three-year statute of limitations under Section 504;

**IT IS HEREBY STIPULATED AND AGREED,** by and between Plaintiffs, on behalf of themselves and all members of their proposed classes and subclasses, and the DOE Defendants, through their respective counsel as set forth below, that:

1) Pursuant to Executive Orders 202.8, 202.14, 202.28, 202.38, 202.48, 202.55.1, 202.60, 202.67, and 202.72, the statute of limitations provided in New York State Education Law § 4404 for Plaintiffs and the members of the proposed class and subclasses to file an administrative due process hearing complaint concerning their claims in this action arising under the IDEA and the New York Education Law was tolled during the period of March 20, 2020 to November 3, 2020 (inclusive).

2) Signatures transmitted electronically or by facsimile shall be deemed original.

Dated: March 7, 2022

3

| | |
|---|---|
| HON. SYLVIA O. HINDS-RADIX<br>Corporation Counsel of the City of New York | PATTERSON BELKNAP WEBB & TYLER LLP |
| By: /s/ Jeffrey S. Dantowitz (re: tolling stip) | By: /s/ Joshua Kipnees |
| Jeffrey S. Dantowitz<br>Assistant Corporation Counsel<br>City of New York<br>100 Church Street, Room 2-121<br>New York, New York 10007<br>(212) 356-0876<br>JDantowi@law.nyc.gov | Joshua Kipnees<br>George A. LoBiondo<br>1133 Avenue of the Americas<br>New York, NY 10036-6710<br>(212) 336-2000<br>jkipnees@pbwt.com<br>globiondo@pbwt.com |
| *Attorney for the DOE Defendants* | ADVOCATES FOR CHILDREN OF NEW YORK, INC.<br><br>Rebecca C. Shore<br>151 West 30th Street, 5th Floor<br>New York, NY 10001<br>(212) 947-9779<br>rshore@advocatesforchildren.org<br><br>*Attorneys for Plaintiffs* |

          **SO ORDERED:**

_____
    **Hon. Andrew L. Carter Jr.**
       **U.S. District Judge**

    **Dated**: March 8, 2022