UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

Z.Q., by his parent, G.J.; G.J., individually and on behalf of Z.Q.; J.H., by his parent, Y.H.; Y.H., individually and on behalf of J.H.; J.A., by his parent, D.S.; D.S., individually and on behalf of J.A.; M.S., by his parent, R.H.; R.H., individually and on behalf of M.S.; D.V., by his guardian, V.L.; V.L., individually and on behalf of D.V.; J.W., by his parent, A.W.; A.W., individually and on behalf of J.W.; D.M., by his parent, E.L.; E.L., individually and on behalf of D.M.; C.B., by his parent, C.B.2; C.B.2, individually and on behalf of C.B., on behalf of themselves and all others similarly situated,

                Plaintiff(s),

  -against-

NEW YORK CITY DEPARTMENT OF EDUCATION; NEW YORK CITY BOARD OF EDUCATION; and DAVID BANKS in his official capacity as Chancellor of the New York City School District,

                Defendant(s).

---------------------------------------------------------------- X

20 Civ. 09866 (ALC) (RFT)

**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and order for production of student records pursuant to 20 U.S.C. §1232g (b)(2)(b), it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.     Counsel for any party or non-party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is

necessary to protect the interests of the client in information that reveals confidential or identifying student information, or is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party or non-party as confidential will be stamped "CONFIDENTIAL."

2. Nothing herein shall negate or obviate any requirement or obligation of confidentiality independent of this Stipulation and Protective Order and Order for Production of Student Records ("this Protective Order" or "this Order"), including but not limited to the provisions of The Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 CFR Part 99 ("FERPA") and Paragraph 3 of this Protective Order.

3. By so-ordering this Protective Order, the Court hereby authorizes Defendants to produce any document(s) and information relating to any student, including, but not limited to the student plaintiffs relevant to the issues in this litigation that are protected by FERPA, upon condition that the students whose records are sought (or parent) are notified of this Order in advance of any compliance with this Order by Defendants pursuant to the notice attached hereto as Appendix A, and following a reasonable opportunity for such students (or parent) to object to such disclosure. Any such FERPA protected records obtained shall be designated as Confidential Information pursuant to the terms of this Order and must be treated as such in strict compliance with the terms of this Order.

4. The Confidential Information disclosed or testimony concerning the Confidential Information that is itself designated as Confidential Information will be held and used by the person receiving such information solely for use in connection with the action and shall not be disclosed to anyone by the party receiving the Confidential Information, except as provided in this Order. A

designation as Confidential Information by the designating party shall not be deemed an acknowledgement of confidentiality by any other party except for purposes of this Order.

5.  In the event a party challenges a designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the production of any document or information on any and all grounds, including but not limited to the ground that any document or information is not relevant to any claim or defense in the action.

6.  Documents designated as "CONFIDENTIAL" shall be maintained by the parties in a confidential manner, and shall not be disclosed to any person, except:

    a.  The requesting party and counsel, including in-house counsel;

    b.  Employees, vendors, and independent contractors of such counsel or counsel's office, assigned to and necessary to assist in the litigation;

    c.  The individual parties to this action, and officers or employees of any named party who is either required by such party or requested by counsel to assist in the prosecution or defense of the action;

    d.  Any deponent, witness, or potential deponent or potential witness, for purposes of investigation, preparation, deposition, or trial in this action only;

    e.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    f.  Any other person with the designating party's consent;

  g.  Court reporters, as necessary for the conduct of this litigation; and

  h.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

 7. Prior to disclosing or displaying the Confidential Information to any person described in Paragraphs 6(a)-(g) above, counsel must:

  a.  Inform the person of the confidential nature of the information or documents;

  b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  c.  Require each such person to sign an agreement to be bound by this Order in the form attached as Appendix B.

  d.  The party in possession of Confidential Information must retain each signed non-disclosure agreement, hold it in escrow, and provide it to the producing party either before such person is permitted to testify (at deposition or trial), or at the conclusion of the case, whichever comes first.

 8. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information, and may be corrected by the producing party by written notification to the receiving party promptly upon discovery of the failure to designate. If so

designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (*e.g.*, birthdate, address, social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

12. If a party uses or elicits testimony concerning Confidential Information in a deposition, the party shall provide the reporter with a copy of this Protective Order and, if any party so requests, that portion of the deposition in which Confidential Information is disclosed or discussed shall be designated and marked "CONFIDENTIAL" and be separately bound and this Confidential Information will be treated like all other Confidential Information pursuant to this Protective Order.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed and the destruction of all such documents (except those returned) shall be promptly certified by the receiving party, who shall notify the producing party in writing no later than seven (7) days of such destruction.

14. Nothing in this Stipulation is intended to restrict, limit, supersede, modify or amend any federal, state or local statute, ordinance or regulation, or rule of the Court limiting the disclosure of any document or information, or the applicability of the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt any document or information from disclosure.

15. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena, provided that the party intending to disclose such material shall provide the producing party at least ten (10) business days' notice of the intended disclosure.

16. Notwithstanding the provisions of Paragraph 15 above, nothing in this Stipulation shall be construed to limit any producing party's use of the Confidential Materials that it produces in any manner.

**SO STIPULATED AND AGREED.**

Dated: May 17, 2024
New York, NY

/s/ Joshua Kipnees
Joshua Kipnees
George LoBiondo
Kimberly Black
Daisy Joo
Charlotte Allyn
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

/s/ Rebecca C. Shore
Rebecca C. Shore
ADVOCATES FOR CHILDREN OF NEW YORK, INC.
151 West 30th Street, 5th Floor
New York, New York 10001

*Attorneys for Plaintiffs*

/s/ Jeffrey S. Dantowitz
Jeffrey S. Dantowitz
Assistant Corporation Counsel
New York City Law Department
100 Church St., Room 2-121
New York, New York 10007

*Attorney for the Defendants*

DATED: May 23, 2024
New York, New York

SO ORDERED

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

**APPENDIX A**

***Z.Q., ET AL. V. N.Y. CITY DEP'T OF EDUC., ET AL., 20 Civ. 09866 (ALC) (RFT)***

<u>NOTICE OF POTENTIAL DISCLOSURE OF STUDENT RECORDS</u>

**Please read this notice carefully**.  This is a message about possible disclosure in a lawsuit of documents that might have information about your child.

Translations in Arabic, Bengali, Chinese, English, French, Haitian Creole, Korean, Russian, Spanish, and Urdu are available at**:** https://infohub.nyced.org/in-our-schools/translations/special-education.

<u>NATURE OF THE LAWSUIT</u>

In this class action lawsuit, *Z.Q. v. NYC DOE*, the plaintiffs claim that the NYC Department of Education violated their rights under the Individuals with Disabilities Education Act (and other related laws) because of the NYC Department of Education failed to provide students with disabilities with (1) the level of education that the students are legally entitled to during the time of remote learning due to Covid-19, (2) the compensatory services needed to make up for those lost educational services and therapies during the remote learning period, and (3) a process by which to obtain the compensatory services needed to make up for those lost educational services and therapies during the remote learning period.  The NYC Department of Education denies these allegations.

Plaintiffs are represented by Advocates for Children of New York, https://www.advocatesforchildren.org/, [phone number], and Patterson Belknap Webb & Tyler LLP, https://www.pbwt.com/.

<u>REQUEST FOR DOCUMENTS</u>

As part of this lawsuit, Plaintiffs are asking the NYC Department of Education to produce certain documents that might have protected personal information about students, including your child.  Some examples of requested documents include (1) any requests by parents and/or guardians for programs, services or devices during remote learning, (2) any requests by parents for programs and services to make up for education and therapies their child lost during remote learning, and (3) any offers to provide students with disabilities make-up services for the education and therapies students lost during remote learning.  If you are a current or former student, or the parent or guardian of a student, who **received or asked for programs, services or devices between March 2020 to July 2021, or received or asked for programs and services to make up for education and therapies your child lost during remote learning, your records or your child's records may be produced**.

If the NYC Department of Education produces your or your child's records, the records will be kept private and only the **parties' attorneys and their staff, their experts and other third parties potentially testifying or assisting in the case, the Court and its staff, and other persons with consent of the parties' attorneys will be able to see them.**  The parties have entered into a court-ordered Confidentiality Agreement, which means that **no student's records will be**

**disclosed to the public or to any other student or parent.**

**Any production of your student's records will not harm your student's education, and cannot be used against you or your student. If produced, your student's records will be used only in this class action lawsuit, and cannot be used for any other purpose.**

STUDENTS' ENTITLEMENT TO CONFIDENTIALITY

You have an opportunity to object to the production of any documents concerning you or your child in this case. The Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g(b) and 34 C.F.R. § 99.31(a)(9)(ii), and the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.* are federal laws that protect the privacy of student records. These laws allow the disclosure of these records pursuant to a court order, so long as the school district makes a reasonable effort to notify students and parents before disclosing the records and provides them with an opportunity to object to the production of Protected Personal Information contained in these records.

If, after notice, a parent and/or student objects, **the documents may still be produced**, but Protected Personal Information will be removed so that the information is not seen by the Plaintiffs' attorneys. Protected Personal Information includes student names; parent and guardian names (including maiden names of mother); names of family members; social security numbers; home addresses; home phone numbers; and date and place of birth.

HOW TO OBJECT

This Notice does not affect any of your rights or your child's rights in any other matter you may have against the NYC Department of Education.

You are free to object to the disclosure of your or your child's records. If you have an attorney or advocate assisting you, you may want to speak with an attorney about this Notice.

**If you *do not* object to the disclosure of the information described above, <u>you do not need to do anything.</u>**

**If you *do* object to the disclosure of the information described above, you must:** complete the "Objection to Disclosure of Student Information and Records Case No. 20-CV-09866" form attached to this Notice or found at the https://www.schools.nyc.gov/learning/special-education/help, and either (1) email it to the [NYC Department of Education's attorney at [email address]], or (2) mail it to the following address:

> [Jeffrey S. Dantowitz
> NYC Law Department
> 100 Church Street, Room 2-121
> New York, NY 10007]

**ALL OBJECTIONS MUST BE RECEIVED BY JUNE 20, 2024.**

***If you would like more information about how to object to the disclosure of your child's records (or your records if you are over eighteen), or if you need a translation of this Notice, please visit** https://infohub.nyced.org/in-our-schools/translations/special-education.  **If you have any questions about the lawsuit, you may contact Advocates for Children's Helpline at [phone number] or** https://advocatesforchildren.org/contact-us/.*

If you do not submit an objection form by June 20, 2024, you are considered to have waived your right to object to the disclosure of the student's information and records containing Protected Personal Information.

**OBJECTION TO DISCLOSURE OF STUDENT INFORMATION AND RECORDS**

**I am a parent, guardian, or adult student** who is eighteen (18) years of age or older.

**I have read and understand** the Notice of Potential Disclosure of Student Records.

**I OBJECT** to the disclosure of educational records and protected personal information[1] contained in documents in the possession of the New York City Department of Education in connection with the lawsuit entitled, *Z.Q., et al. v. N.Y. City Dep't of Educ., et al.*, Southern District of New York, Case No. 20-CV-09866 (ALC) (RFT):

Please write clearly.

Name of Parent/Guardian: _____

Name of Student(s): _____

Student's Date of Birth: _____

Student ID #: _____

School last attended: _____

Address: _____

_____   _____
Date                                                               Signature of Parent/Guardian or
                                                                      Adult Student/Former Student

*This form must be sent by either (1) email to the [NYC Department of Education's attorney at [email address]], or (2) mail to the following address*:

[Jeffrey S. Dantowitz
NYC Law Department
100 Church Street, Room 2-121
New York, NY 10007]

***This objection form must be received by June 20, 2024.***

---

[1] "Protected Personal Information" includes but is not limited to: student names; parent and guardian names (including maiden names of mother); names of family members; social security numbers; home addresses; home phone numbers; and date and place of birth.

- 11 -

**APPENDIX B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

Z.Q., by his parent, G.J., *et al.*,

            Plaintiff(s),                    20 Civ. 09866 (ALC) (RFT)

  -against-                                **NON-DISCLOSURE AGREEMENT**

NEW YORK CITY DEPARTMENT OF EDUCATION, *et al.*,

            Defendant(s).

---------------------------------------------------------------- X

    I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____, 20__

_____      _____
Name (printed)                                            Signature

Signed in the presence of:

_____
(Attorney)