

Application GRANTED. This action is scheduled for a telephonic status conference on **July 23, 2024**, at **11:00 AM**. The parties are directed to call my Microsoft Teams conference line at the scheduled time. **Please dial (646) 453-4442, Access Code: 163 267 544#.**

DATED: July 17, 2024
         New York, New York

SO ORDERED

_Rowian_

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

July 16, 2024

<u>Via ECF</u>

Hon. Robyn F. Tarnofsky
United States District Court for the Southern District of New York
500 Pearl Street, Room 703
New York, New York 10007

> **Re:** **Request for Discovery Conference**
> ***Z.Q. v. New York City Department of Education*, No. 20-cv-09866**

Dear Judge Tarnofsky:

Pursuant to the Court's Individual Practices in Civil Cases, and Local Rule 37.2, Plaintiffs request a discovery conference regarding the disputes described below.  The parties met and conferred on June 5, 2024, and July 2, 2024, and were unable to reach agreement on these disputes.

### 1. Merits-Based Discovery Relating to Absent Class Members

Defendants refuse to search for *any* discovery prior to class certification that relates to class members other than the eight named Plaintiffs, on the purported basis that this would be "merits" discovery.  This is untenable for three reasons.  <u>First</u>, the Court already rejected Defendants' request to bifurcate class and merits discovery at the initial case management conference and in the subsequent Case Management Statement dated May 20, 2024.  Defendants cannot simply elect to defy this ruling.  *See* ECF Nos. 140, 142.  <u>Second</u>, Defendants claimed during conferral regarding their own requests for production that documents relating to absent class members are relevant to class certification.  The same is obviously true as to Plaintiffs' requests for production.

<u>Third</u>, Defendants' approach would deprive Plaintiffs of evidence they need to support their class certification motion.  Unless Defendants are willing to stipulate to class certification, Plaintiffs will need to show (among other things) that "the claims of the named plaintiffs arise from the same practice or course of conduct that gives rise to the claims of the proposed class members." *Marisol A. v. Giuliani,* 929 F. Supp. 662, 691 (S.D.N.Y. 1996), *aff'd,* 126 F.3d 372 (2d Cir. 1997).  Accordingly, courts routinely allow named plaintiffs to take discovery regarding other class members to satisfy the elements of Rule 23.  *E.g., Flores v. Stanford*, 2021 WL 4441614, at *7 (S.D.N.Y. Sept. 28, 2021) (finding documents about absent class members "bear[] directly on Defendants' conduct across the proposed class, and thus, the presence of common issues of fact, whether the named Plaintiffs' claims are typical of the class, and whether they can adequately represent the class's interests"); *Dupres v. Houslanger & Assocs.*, 2021 WL 2373737, at *2–3 (E.D.N.Y. June 9, 2021) (finding files referring to absent class members "central" to commonality).

Hon. Robyn F. Tarnofsky
July 16, 2024
Page 2

Here, discovery regarding absent class members is necessary to establish that other students with IEPs were denied FAPEs on a class-wide basis due to DOE's systemwide policies and failures during remote learning—and that the named Plaintiffs' experiences during remote and blended learning, and lack of compensatory services to make up for the DOE's remote learning failings, are typical of the class. Defendants contend that general DOE remote learning policies will satisfy Plaintiffs' burden under Rule 23. But those documents will not show whether, as Plaintiffs alleged, DOE failed to follow through on those policies or that the policies were insufficient, resulting in common injury. *See* ECF No. 1, Compl. ¶ 145; *Sykes v. Mel S. Harris & Assocs.*, 780 F.3d 70, 84 (2d Cir. 2015) (evidence of defendants' "unitary course of conduct" harming class members established commonality). For example, even if DOE had a stated policy of issuing remote devices to students with IEPs during the pandemic, discovery will likely reveal that DOE rarely complied with that policy. The complaints that DOE received regarding remote device requests and distribution is relevant to this claim.

Defendants also contend that producing documents relating to absent class members would be unduly burdensome. But Plaintiffs seek narrow search terms on two centrally maintained DOE databases (311 and SERS inboxes) and a tailored list of DOE custodians. Courts have permitted discovery into absent class members despite more significant burden concerns. *E.g.*, *Waite v. UMG Recordings, Inc.*, 2020 WL 3959185, at *1–2 (S.D.N.Y. July 13, 2020) (ordering discovery into absent class members requiring manual review of more than 2,000 boxes of material). Any putative burden is outweighed by the relevance of this discovery to Plaintiffs' claims.

### 2. DOE Custodians to be Included in Document Search

Plaintiffs also request that the Court compel Defendants to designate each of the below highly relevant individuals as document custodians, which Defendants have refused to do.

***Christina Foti, Former Chief of Special Education for New York Public Schools and Current Deputy Chancellor***: Until this past month, Ms. Foti was the DOE executive in charge of special education, including during remote learning. She continues to oversee special education for the DOE. Therefore, she is highly likely to possess unique responsive documents relating to DOE's remote learning strategies affecting the entire proposed class. Defendants object to searching Ms. Foti's documents because she is a high-ranking DOE official. But that alone is no basis to categorically shield her custodial files from discovery, especially given her central role in the matters at issue. *See Haber ASN 50th Street, LLC*, 272 F.R.D. 377, 382 (S.D.N.Y. 2011) ("There is [] no blanket prohibition on taking discovery from high-level executives."); *Sandoz, Inc. v. United Therapeutics Corp.*, 2020 WL 13830525, at *3 (D.N.J. Nov. 16, 2020) (noting that the apex doctrine does not prohibit document discovery from high-ranking executives).

***Jodi Sammons, Director of Special Populations, DOE Office of Pupil Transportation***: Ms. Sammons sent and received many communications with Plaintiffs' counsel regarding parent concerns with remote learning. Defendants contend that Plaintiffs' initial document production does not reflect Ms. Sammons' involvement, but this is simply inaccurate.

Hon. Robyn F. Tarnofsky
July 16, 2024
Page 3


***Howard Friedman and Elizabeth Vladeck, General Counsels for DOE***: Plaintiffs' counsel communicated frequently with both Ms. Vladeck and Mr. Friedman about remote learning losses and compensatory services, and expect that these individuals had similar communications with other organizations, students and their parents or guardians. Defendants assert that these custodians' documents would be protected by the attorney-client privilege, but this is not a basis to withhold their external communications, which are obviously not privileged.

***DOE School Staff who Communicated with Named Plaintiffs***: Defendants refuse to search the email inboxes of staff at the schools the named student-Plaintiffs attended, who communicated directly with and about the named student-Plaintiffs or their families. These documents are plainly relevant to Plaintiffs' claims. Defendants argue that log printouts from the Special Education Student Information System (SESIS), a web-based portal for DOE staff to manage special education processes, are sufficient to capture Plaintiffs' communications with DOE staff. But communications other than letters generated by DOE are not contained on SESIS. School based emails are not contained in SESIS. It is undisputed that school staff communicated via email <u>outside</u> of SESIS on student-Plaintiffs' progress, ability to engage in remote learning, and need for compensatory services. Especially because Defendants appear to be challenging the student-Plaintiffs' need for compensatory services, Defendants should be compelled to produce those communications.

### 3. Documents Relating to Former Students Now Over 21 Years Old

Plaintiffs requested documents concerning Defendants' "plans, policies and procedures for offering extended eligibility to twenty-one-year-old and older students to remain in school and receive special education services beyond the school year in which they turned twenty-one to make up for denials of FAPE during Remote Learning and school closures[.]" Defendants object on the purported ground that the legal right to attend school after the age of 21 has "not been established." That is wrong. *See* N.Y. State Dep't of Educ., Ofc. of Counsel Opinion No. 242, *available at* https://www.counsel.nysed.gov/sites/counsel/files/242.pdf (noting that a FAPE must be provided to students with disabilities "until age 22"); *see also A.R. v. Conn. St. Bd. of Educ.*, 5 F.4th 155, 157–58 (2d Cir. 2021) (citation omitted) ("[A] child remains eligible for a [FAPE] under IDEA until his 22nd birthday.").

Regardless, Plaintiffs need not have conclusively "established" such a right at this stage in the case. It is enough that Plaintiffs seek to certify a subclass of students who have aged out of the public school system during or after the relevant period, and who are entitled to relief for the FAPE deprivations they sustained. *See* Compl. ¶¶ 87–94. Plaintiffs should be permitted to take discovery in support of those allegations, which Defendants did not move to dismiss or strike. *See Doe v. Sarah Lawrence Coll.*, 2021 WL 197132, at *3 (S.D.N.Y. Jan. 20, 2021) (relevance is "construed broadly to encompass any matter that bears on . . . any party's claim or defense").

We look forward to discussing these issues at the Court's convenience. As always, we thank the Court for its time and attention to this matter.

Hon. Robyn F. Tarnofsky
July 16, 2024
Page 4

Respectfully submitted,

*/s/ Joshua Kipnees*
Joshua Kipnees
George LoBiondo
PATTERSON BELKNAP WEBB &
    TYLER LLP
1133 Avenue of the Americas
New York, New York 10036

Rebecca C. Shore
ADVOCATES FOR CHILDREN OF
    NEW YORK, INC.
151 West 30th Street, 5th Floor
New York, New York 10001

*Attorneys for Plaintiffs*

cc:     Counsel of Record (via ECF)