UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Z.Q., et al.<br><br>                    Plaintiffs,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,<br><br>                    Defendants. | 20-CV-09866 (ALC) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On October 18, 2024 I scheduled a discovery conference for October 28, 2024. (ECF 169.)

In advance of the discovery conference, Defendants are admonished that their delays in responding to Plaintiffs' discovery requests – even if those delays are caused by resource constraints and technology issues – cannot continue. This is a case where the nature of the relief sought by Plaintiffs – compensatory educational services – means that delays in discovery have the potential to cause real harm to Plaintiffs. That it took over two months even to provide a hit report in response to Plaintiffs' proposed search terms – and that the report came only after I issued an order requiring a report by October 10 – is not acceptable. That Defendants have not yet even begun producing electronic documents nearly five months after entry of the case management order is not acceptable. And Defendants' position that the timing of production "currently remains uncertain" (ECF 168) is also not acceptable.

The parties have stated that they hope to reach agreement on search terms by October 23, 2024 and that they will provide an update to the Court on that date. (*See id*.) That update

shall include (1) a date by which Defendants will begin their rolling document production and (2) Defendants' best estimate of when they expect to complete their rolling document production. If Defendants are unable to provide that information, or if Defendants' timeframe for completing production is unreasonably long, I expect to enter an order directing Defendants to use searches of attorney names to identify documents that are likely to be privileged and to produce the remaining documents immediately. I understand that this approach might lead to production of documents that are privileged, but any such documents would be promptly returned to Defendants upon discovery by Plaintiffs or identification by Defendants, and no waiver of privilege would be effected. I also understand that this approach would mean that the production would include documents that are not relevant to this matter, but the potential harm to Plaintiffs of further delays outweighs any prejudice to Defendants if they are unable to complete their document review within a reasonable timeframe.

DATED: October 21, 2024
      New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge