UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Z.Q., et al.,

                Plaintiffs,

    -against-

NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,

                Defendants.

20-CV-9866 (JAV) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

    Plaintiffs have challenged Defendants' updated deliberative process privilege log, arguing that the revised log does not provide sufficient information to allow Plaintiffs to evaluate Defendants' claims of privilege with regard to documents withheld on the basis of the deliberative process privilege. (ECF 297.) At a conference on June 5, 2025, Defendants represented that the remaining documents on the log relate to policies that were never enacted, which Defendants say precludes them from identifying the policies to which the documents relate and the dates of enactment. I ordered Plaintiffs to select 30 entries from the log and I ordered Defendants to provide the withheld documents to me for in camera review. (ECF 306.) I have reviewed the log entries, the documents, and the Declaration of Judy Nathan in support of the assertion of the deliberative process privilege over the logged documents (ECF 305-1). For the reasons set out below, I conclude that the information on the log is insufficient to support the claimed privilege.

To demonstrate that a document qualifies as pre-decisional, the proponent of the privilege must "(i) pinpoint the specific agency decision to which the document correlates," and "(ii) verify that the document precedes, in temporal sequence, the decision to which it relates." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999). While Defendants cannot identify the dates for adoption of policies that were not enacted, Defendants should be able to identify the dates when various policies were rejected, which would permit Plaintiffs to test the assertion that the withheld documents predate "the specific agency decision[s] to which the document[s] correlate[ ]." *Id.* Some of the log entries reference policies and potential policies, including policies and potential policies on staffing of summer programs, school transportation, providing services to students over age 21, protocols for returning to in-person special education, and compensatory services. The deliberations on those policies and potential policies presumably led to specific decisions, at specific times, even if those decisions were to decline to enact the potential policies. Other log entries reference less concrete deliberations – for example, deliberations over "partnering with families of students with disabilities," over "parent communication for Special Education Recovery Services," and over "DOE testimony regarding school busing." It is unclear that these documents related to deliberations that led to any agency decision or that the documents formed a "link" in the "consultative process." *Id.*

While the issue currently before me is whether the current version of the deliberative process privilege log provides adequate information to allow Plaintiffs to challenge Defendants' assertion of the privilege over specific documents, I note that many although not all of the

documents I reviewed did not appear to contain material protected by the deliberative process privilege. Defendants are ORDERED to provide an updated log by **June 20, 2025**.

DATED: June 13, 2025
      New York, NY

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge