UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Z.Q., et al.,

                Plaintiffs,

   -against-

NEW YORK CITY DEPARTMENT OF EDUCATION, et al.,

                Defendants.

20-CV-9866 (JAV) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

The parties' long-running dispute over documents withheld on the basis of the deliberative process privilege continues. I assume familiarity with Plaintiffs' previous applications and my prior orders.[1] In the current iteration of the disagreement, Plaintiffs argue that Defendants' newest version of the deliberative process privilege log indicates that all remaining withheld documents relate to policies that were enacted by the DOE – even though at a conference on June 5, 2025, Defendants had represented that many of the documents remaining on the prior version of the log (most of which remain on the newest version of the log) related to policies that were never enacted. At that conference, Defendants had said that because many of the relevant policies had "died on the vine," Defendants could not identify the policies to which the documents related or the dates of enactment. Plaintiffs also argue that (1) in many instances Defendants have been unable to provide the date on which the policies to which the withheld documents relate were enacted and (2) in several instances the withheld

---

[1] The parties' letters and my prior orders appear at: ECF 271, ECF 273, ECF 274, ECF 285, ECF 287, ECF 291, ECF 293, ECF 297, ECF 305, ECF 306, ECF 311, ECF 332, ECF 333, ECF 335, and ECF 336.

documents do not temporally precede the date provided for the enactment of the related policies. (ECF 333, Pls.' Mot. at 1-2.)

After a discovery conference on July 18, 2025, I ordered Plaintiffs to select five entries from the newest version of the log where the date of the withheld document post-dates the date of the policy to which the document relates and 15 additional documents, and I ordered Defendants to provide the selected documents to me for in camera review. (ECF 336.) I have reviewed the log entries and the documents, and the Declaration of Judy Nathan in support of the assertion of the deliberative process privilege over the logged documents. (ECF 335, Defs.' Opp.; ECF 335-1, Declaration of Judy E. Nathan ("Nathan Decl.").) For the reasons set out below, I conclude that the information on the log is still insufficient to support the claimed privilege.

At the outset, I continue to be unpersuaded by Defendants' argument that Plaintiffs have failed to show that the logged documents are necessary or why Plaintiffs' need for the documents outweighs the public interest in protecting privileged agency communications (*see* ECF 335, Defs.' Opp. at 5). In evaluating an assertion of the deliberative process privilege, courts "must balance the public interest in nondisclosure against the need of the particular litigant for access to the privilege[d] information, keeping in mind that the burden of persuasion rests on the party seeking to prevent disclosure." *Stinson v. City of New York*, 304 F.R.D. 432, 435-36 (S.D.N.Y. 2015). Factors favoring disclosure include the relevance and importance of the requested materials to the requesting party's case. *See Davis v. City of New York*, 10-CV-0699 (SAS), 2011 WL 1742748, at *2-3 (S.D.N.Y. May 5, 2011). "Whether the showing of relevance and need rises to the requisite level is a discretionary determination that must necessarily be made

2

on a case-by-case basis." *Kitevski v. City of New York*, No. 04-CV-7402 (RCC) (RLE), 2006 WL 680527, at *3 (S.D.N.Y. Mar. 16, 2006). The subject matter of the withheld documents – including post-COVID services for students with disabilities and similar topics – go to the heart of Plaintiffs' claims. I therefore conclude that Plaintiffs have demonstrated the relevance and importance of the withheld documents.

      As to the log itself, as I have explained before, "[t]o demonstrate that a document qualifies as pre-decisional, the proponent of the privilege must (i) pinpoint the specific agency decision to which the document correlates, and (ii) verify that the document precedes, in temporal sequence, the decision to which it relates." (ECF 311, Order at 2 (internal quotation marks omitted) (quoting *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999)).) Defendants argue that while an organization's ability to identify the date of a decision to which a withheld document relates is a factor for determining whether a document is pre-decisional, that factor is not dispositive. (ECF 335, Defs.' Opp. at 3 (citing *MacNamara v. City of New York*, 249 F.R.D. 70, 78 (S.D.N.Y. 2008)).) Defendants point out that in *MacNamara,* Judge Richard J. Sullivan reasoned that "a document may be deemed deliberative not only where it explicitly weighs competing policy alternatives, but also where it contains a preliminary outline of a policy prepared by lower-ranking government officials for presentation to a superior with final policymaking authority." (ECF 335, Defs.' Opp. at 3 (quoting *MacNamara*, 249 F.R.D. at 81).) Defendants also argue that draft briefings to prepare for DOE testimony to the City Council are pre-decisional. (ECF 335, Defs.' Opp. at 4 (citing *Stinson*, 304 F.R.D. at 435).) And Defendants highlight the attestation of Ms. Nathan that the documents on the log are pre-decisional and

3

that disclosure "would chill frank discussions within the [DOE] and inaccurately reflect DOE's views." (ECF 335, Defs.' Opp. at 4 (citing ECF 335-1, Nathan Decl. ¶ 11).)

To be sure, a factor that counsels against requiring production of documents being withheld based on the deliberative process privilege is whether the production would "chill[ ] . . . internal candor." *Davis*, 2011 WL 1742748, at *2-3. But the assertion by a DOE representative that requiring production of the withheld documents would chill candor is insufficient for Defendants to carry their burden of showing that they should not be required to produce without specific information in the log showing that the documents in question are in fact both pre-decisional and deliberative. It is this latter piece that is still lacking.

I understand Defendants to be arguing that many of the logged documents are protected by the deliberative process privilege because they are drafts of policies prepared by a lower-ranking government official to present to a superior or materials prepared in anticipation of testimony to the City Council. Accepting for the sake of argument that those types of documents are pre-decisional, many of the entries on Defendants' log do not provide enough information (or in some cases enough accurate information) for Plaintiffs to assess whether the logged documents fall within those categories. For example, the information about the five documents that post-date the policies to which they are said to relate (highlighted in orange in the version of the log provided to me) fails to explain why documents would reflect deliberations over policies that had previously been adopted; some of the information also appears to be inaccurate:

- Log Entry 32, which is dated January 20, 2021, is described on the log as a "[d]raft internal DOE memo reflecting deliberations over the creation of policy concerning the

4

safe reopening of school post-COVID"; the log indicates that the related policy was circulated to school districts in August 2020. Defendants do not provide any explanation for why the DOE would be deliberating over a policy for returning to school if the relevant policy was circulated to schools several months earlier. The document does not state on its face that it is a draft. Nor does it appear to be a memo; rather, it looks like a briefing for a meeting, but there is no indication of what type of meeting or who prepared the document.

- Log Entry 60, which is dated July 15, 2021, is described on the log as a "[p]redecisional draft memo reflecting internal DOE deliberations on prioritizing services for students with disabilities"; the log indicates that the related policy was circulated to school districts in August 2020. Defendants do not provide any explanation for why the DOE would be deliberating over prioritizing services for students with disabilities if the relevant policy was adopted nearly a year before the memo. The document does not on its face reflect that it is a draft. The title of the document, which is dated June 15, 2021, is "Recommendation Memo Office of the Chancellor"; the subject is "Post-Pandemic Recovery Priority for Students with Disabilities."[2]

- Log Entry 115, which is dated May 18, 2021, is described on the log as "[d]raft internal DOE notes reflecting deliberations over financial allocation policy in preparation for budget hearing"; the entry on the log I was provided is cut off so I cannot determine the date of the related policy. The document does not state on its face that it is a draft and it appears to be talking points in preparation for a budget hearing rather than notes reflecting deliberations over financial allocation policy.

- Log Entry 307, which is dated February 1, 2021, is described on the log as "[i]nternal DOE email chain deliberating on potential policy dealing with the funding of recovery services"; the log indicates that the related policy was circulated to school districts in September 2020. Defendants do not provide any explanation for why the DOE would be deliberating over a potential policy relating to funding recovery services if the related policy was circulated to school districts several months earlier.

---

[2]  Log entry 68 appears to be the same document, but names fewer custodians.

5

The other documents (highlighted in yellow on the version of the log provided to me) have similar problems.

I am troubled by the mismatch between the descriptions on the log and underlying documents. Most of the descriptions on the log follow a formula: draft and/or internal and/or pre-decisional, followed by memo or notes or briefing or email chain, followed by deliberating on or reflecting deliberations on, followed by a description of a policy and an estimated date the policy was circulated to school districts. If a document does not state on its face that it is a draft but is identified as a draft on the log, Defendants need to provide an explanation for their conclusion that the document is a draft. If a document post-dates the policy to which it is said to be related, Defendants need to provide an explanation for why there were deliberations about a policy that was already enacted. If Defendants are taking the position that a document falls within the deliberative process privilege because it is a draft prepared by a more junior person for his or her superior, Defendants need to identify the author and recipient. If Defendants are taking the position that the document falls within the deliberative process privilege because it reflects preparations for testimony to the City Council or an equivalent presentation, Defendants need to identify the meeting and the subject of the testimony.

Defendants do not appear to appreciate that they bear the burden of showing that the challenged documents are protected by the deliberative process privilege, *see Stinson*, 304 F.R.D. at 435-36. None of the logs the Defendants have provided meet that burden. I will give them one final chance to do so. Defendants are ORDERED to provide a revised log to Plaintiffs

by **August 15, 2025**. If Defendants provide a further revised log, Plaintiff shall have until **August 22, 2025** to raise any objections.

DATED: August 8, 2025
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge