UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Z.Q., et al., <br><br> Plaintiffs, <br><br> -against- <br><br> NEW YORK CITY DEPARTMENT OF EDUCATION, et al., <br><br> Defendants. | 20-CV-9866 (JAV) (RFT) <br><br> **ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

I assume familiarity with the nearly 6-month history of Plaintiffs' challenges to multiple iterations of Defendants' deliberative-process privilege log. (*See* ECF 344, Order at 1 n.1.) On September 17, 2025, Defendants served their current deliberative-process privilege log, which has 98 entries, along with a separate log listing three documents withheld on the basis of both the deliberative-process privilege and the attorney-client privilege. Plaintiffs do not appear to challenge to latter log, which therefore is sufficient to justify withholding the three documents listed on it.

As to the former log, Plaintiffs complain that, among other issues:

Defendants have deleted from their log the columns indicating the dates and times of the communications in question, making it impossible to confirm that those communications predated the policy decisions in question. Moreover, many of Defendants' log entries now contain conflicting information, entirely changed descriptions, or are devoid of any description at all. Defendants' newest log also fails to supply the specific information the Court ordered Defendants to provide to support certain categories of deliberative process privilege claims.

(ECF 361, Letter at 1.) Plaintiffs also contend that certain log entries are so vague as to make it impossible for them to assess the claim of privilege, that other entries contain no description at all, and that still other entries fail to provide information required by my prior order. (*Id.* at 2-5.)

It is disappointing but unsurprising that there have been changes to the descriptions in the deliberative-process privilege log: it seems clear that earlier iterations of the log were not prepared with the level of care one would expect following Court orders to revise a log. I therefore do not see the changes to the descriptions – even when the changes are substantial – to be red flags in and of themselves. However, some of the specific changes noted by Plaintiffs raise concerns that need to be addressed.

To begin with, about a quarter of the leg entries (24 of 98 entries) are facially deficient or fail to comply with my prior order (ECF 344, Order at 6) explaining the information that Defendants needed to include in their deliberative-process privilege log.

1. Four entries contain no description at all for the withheld documents. (Priv-WIF-0000350; Priv-WIF-0000352; Priv-WIF-0000459; and Priv-WIF-0000662.)

2. For 12 documents, Defendants have not complied with my prior order, by saying that the documents were used to prepare for testimony at City Council hearings without adequately identifying the hearings of the subject of the testimony. (Priv-WIF-0000032; Priv-WIF-0000034; Priv-WIF-0000042; Priv-WIF-0000115; Priv-WIF-0000213; Priv-WIF-0000348; Priv-WIF-0000349; Priv-WIF-0000350; Priv-WIF-0000352; Priv-WIF-0000651; Priv-WIF-0000657; and Priv-WIF-0000658.) Defendants' assertion that the meetings are identified "on the face of the city council briefing documents" (ECF 361-3, September 17, 2025 Declaration of Judy E. Nathan ("Nathan Decl.") ¶ 20.) is not sufficient, because Plaintiffs have no access to the withheld documents.

3. For eight documents, Defendants have not complied with my prior order requiring them to identify the author and recipient of documents withheld on the basis that they were prepared by junior staff members for review by their superiors. (Priv-WIF-0000240; Priv-WIF-0000241; Priv-WIF0000242; Priv-WIF-0000243; Priv-WIF-0000244; Priv-WIF-0000245; Priv-WIF-0000614; and Priv-WIF-0000616.)

The current version of the log is further deficient in that it omits metadata included in earlier versions showing the dates of the withheld files; in some cases assigns dates to documents that contradict the metadata from earlier versions of the log (or says the documents are undated); and omits some estimated dates of enactment of the policies to which the withheld documents allegedly relate, which estimated dates were included on earlier versions of the log. However, Plaintiffs have not provided a comprehensive list of the entries with this flaw. While Defendants have taken the position that there are documents subject to the deliberative process privilege that post-date the enactment of the related policies, because policies are typically reviewed post-enactment based on feedback from "school superintendents, principals, teachers and administrators" (ECF 361-3, Nathan Decl. ¶ 19), Defendants do not say on the log which documents were subject to such post-enactment deliberations or discuss the nature of the deliberations. Plaintiffs shall have until **October 3, 2025** to identify the entries about which they make this criticism. If Defendants wish to withhold any of those documents, Defendants must identify the policy to which the documents relate, include an estimated date for the adoption or rejection of the policy (or explain why the information is unavailable), and describe the nature of the post-enactment or post-rejection deliberations.

3

Plaintiffs also argue that several of the entries are too vague to allow them to evaluate the claim of privilege in any meaningful way. However, Plaintiffs fail to specify precisely which entries have this flaw. Plaintiffs shall have until **October 3, 2025** to identify the entries about which they make this criticism. If Defendants wish to withhold any of those documents, Defendants must either describe the document in more detail or explain why the current description is sufficient.

For each document identified by Plaintiffs as having a deficient entry, Defendants have three options: (a) providing the missing information on an updated log, or (b) explaining why the document may be withheld notwithstanding the failure to provide the information in question, or (c) producing the document to Plaintiffs. Accordingly, by **October 10, 2025**, Defendants are ordered to provide an updated log containing the missing information for documents Defendants seek to withhold but for which Defendants are willing and able to provide that information; and file a letter on the docket explaining (i) for documents Defendants seek to withhold without providing the missing information, why Defendants should be permitted to do so, and (ii) indicating which if any documents will be produced to Plaintiffs. Plaintiffs shall have until **October 15, 2025** to file a letter on the docket lodging any objections to Defendants' position.

DATED: September 30, 2025
New York, NY

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge